```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION
```

CATHERINE LARIMER, and others )
similarly situated, )
)
       Plaintiff )
) Case No. 3:11-0083
v. ) Judge Trauger/Brown
) **Jury Demand**
ENDO PHARMACEUTICALS, )
)
       Defendant )

**TO:   THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to obtain service of process under Rule 4(m).

### BACKGROUND

The Plaintiff filed her complaint (Docket Entry 1) against Endo Pharmaceuticals and paid the $350 filing fee on January 31, 2011. The docket sheet indicates that summonses were provided to the Plaintiff on that same date, but were not issued. The matter was then referred to the undersigned for case management and for a report and recommendation on any dispositive matter (Docket Entry 3).

The Magistrate Judge on February 3, 2011, specifically advised the Plaintiff that she was responsible for obtaining service of process on the Defendant in this matter within 120 days under the provisions of Fed. R. Civ. P. 4(m). The Magistrate Judge

also pointed out that although the Plaintiff had styled her case as *Catherine Larimer and other similarly situated*, that she was not authorized as a *pro se* Plaintiff to represent the interest of anyone else. Subsequently, the Plaintiff filed a motion to temporarily seal the file in the case and for a protective order (Docket Entry 9). The Magistrate Judge denied this request (Docket Entry 10) on February 16, 2011, on the grounds that the case had already been filed and that it was a bit late to request that the case be sealed and the Plaintiff be allowed to proceed as Jane Doe. The Plaintiff was again reminded that she had 120 days within which to obtain service of process and that if she failed to do so the case was subject to dismissal.

**LEGAL DISCUSSION**

It has now been well over a year and it appears that the Plaintiff has done nothing to obtain service and has filed no additional matters in this case. Rule 4(m) provides that if a defendant is not served within 120 days that the Court on its own, after notice to the plaintiff, must dismiss the action without prejudice, or that the service be made within a specific time.

In this matter the Magistrate Judge has twice warned the Plaintiff that she must obtain service of process within 120 days. The Plaintiff has not obtained service of process, although the case was filed over 18 months ago. Under these circumstances, the

Magistrate Judge believes that the case must be dismissed without prejudice for failure to obtain service of process.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to obtain service of process.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

It is so **ORDERED.**

/s/ Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge